478 S.E.2d 576

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Randy L. THORNTON, Defendant Below, Appellant.**

**No. 23345.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 24, 1996.

Decided Oct. 15, 1996.

Mary Beth Kershner, Assistant Prosecuting Attorney, Charleston, for Appellee.

Leonard Kaplan, Assistant Public Defender, Office of the Public Defender, Charleston, for Appellant.

ALBRIGHT, Justice.

This is an appeal by Randy L. Thornton from an order of the Circuit Court of Kanawha County denying a "motion for reduction of sentence" brought under the former provisions of Rule 35(b) of the West Virginia Rules of Criminal Procedure on the ground that the motion was not timely filed.[1] On appeal, the appellant claims that the motion was timely filed and that the court erred in denying it. After reviewing the question presented, as well as the facts, this Court agrees with the defendant's assertion. Accordingly, the Court reverses the order of the circuit court denying the defendant's motion for reduction of his sentence.

The documents filed in this case show that the appellant was convicted of attempted aggravated robbery on July 12, 1980, and that on August 14, 1980, he was sentenced to seventy-five years in the State penitentiary.

Following his conviction, the appellant filed a number of petitions for habeas corpus and other relief, including one styled *State ex rel. Thornton v. Duncil,* in which the appellant challenged the validity of his conviction. The Circuit Court of Kanawha County denied that petition on March 13, 1995, and on May 31, 1995, this Court denied the appellant an appeal from the circuit court's ruling.

On September 5, 1995, less than 120 days after this Court denied the appellant's petition for appeal in *State ex rel. Thornton v. Duncil,* the appellant filed the "motion for reduction of sentence" which is in issue in the present case. That motion was made under the provisions of Rule 35(b) of the West Virginia Rules of Criminal procedure, as then in effect. That rule stated:

> (B) *Reduction of Sentence.* A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order of judgement of the Supreme Court of Appeals denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision. (As amended effective February 1, 1985.)

In denying the appellant's motion on October 17, 1995, the circuit court stated:

> The Court, having reviewed the same, does hereby find that said Motion is outside the scope of Rule 35 of the West Virginia Rules of Criminal Procedure. The Court further finds that although the West Virginia Supreme Court of Appeals refused the defendant's petition for appeal on May 31, 1995, the underlying sentence in this case was imposed in 1980, and, therefore, this Motion is untimely, and the Court is without jurisdiction to reduce said sentence. The Court further finds that to reduce said sentence at this date would, in effect, usurp the authority and powers of the West Virginia Board of Parole, and, therefore, the Court ORDERS that the said Motion For Reduction Of Sentence is denied.

---

1. As will hereinafter be discussed, effective September 1, 1996, Rule 35 of the West Virginia Rules of Criminal Procedure was amended.

In arguing that the circuit court's denial of the motion was erroneous, the appellant argues that his Rule 35(b) motion for reduction of sentence was filed within 120 days of this Court's order denying his petition for an appeal from the circuit court's denial of his November 30, 1994 petition for habeas corpus relief. He also claims that his habeas corpus challenged his underlying conviction and that this Court's order affirming the circuit court's denial of his petition for habeas corpus relief had the effect of upholding his conviction. He takes the position that under the principles set forth in *State v. Sugg*, 193 W.Va. 388, 456 S.E.2d 469 (1995), he had 120 days to file his motion for reduction of sentence and that his motion was clearly filed within that 120-day period.

In *State v. Sugg, Id.*, this Court indicated that the issue of reconsideration of a sentence could be raised collaterally. Further, the clear language of Rule 35(b) of the West Virginia Rules of Criminal Procedure, as in effect at the time the appellant filed his motion, stated that the motion could be made "within 120 days after entry of any order of judgment of the Supreme Court of Appeals ... having the effect of upholding, a judgment of conviction...."

In the present case, the appellant's motion for reduction of sentence was made on September 5, 1995, less than 120 days after May 31, 1995, when this Court affirmed the denial of the appellant's petition for habeas corpus in the circuit court. That petition had challenged the validity of the appellant's conviction, and, by affirming it, this Court, in effect, affirmed the conviction. In this Court's view, the motion was plainly made within 120 days after the entry of an order of this Court having the effect of affirming the conviction. The Court also believes that, in view of the circumstances and the plain language of Rule 35(b), as in effect at the time the appellant filed his motion, the circuit court erred in holding that the motion was not timely filed.

Having concluded that the circuit court erred in ruling that the appellant's Rule 35(b) motion for reduction of sentence was not timely filed, this Court believes that the circuit court's order denying such relief must be reversed and that this case must be remanded to the circuit court for appropriate evidentiary and legal development of the issues raised by appellant's motion.

As has been previously suggested, Rule 35(b) has been modified, effective September 1, 1996. The new rule provides:

(b) *Reduction of Sentence.* A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

Although the Court believes that *State v. Sugg, supra*, indicates that the appellant is entitled to the benefit of Rule 35(b) as in effect at the time he filed his motion and that the circuit court erred by denying him that benefit, the Court believes that, effective September 1, 1996, Rule 35(b), as amended, would govern the timeliness of motions filed on or after that date, and a motion to reduce a sentence should be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the Supreme Court of Appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the Supreme Court of Appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation.

For the reasons stated, the order of the Circuit Court of Kanawha County is reversed, and this case is remanded for further development.

Reversed and remanded.