478 S.E.2d 579

**STATE of West Virginia ex rel. Russell MASSEY, Petitioner,**

v.

**Nicholas HUN, Commissioner, West Virginia Division of Corrections, and George Trent, Warden, Mt. Olive Correctional Center, Respondents.**

No. 23647.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 1, 1996.

Decided Oct. 16, 1996.

Thomas W. Smith, Smith & Curnutte, Charleston, for Petitioner.

Darrell V. McGraw, Jr., Attorney General, Donald Darling, Senior Deputy Attorney General, Chad M. Cardinal, Assistant Attorney General, Charleston, for Respondents.

## PER CURIAM: [1]

In this original proceeding in mandamus, Russell Massey seeks to compel state prison officials to "act immediately to effectuate ... [his] transfer to federal custody." Although Mr. Massey was sentenced by the state court to serve, in federal custody, his state sentences concurrently with his federal sentence, the federal district court ordered his federal sentence to be served consecutively with his state sentences. Because of the federal court order, the Federal Bureau of Prisons refuses to take custody of Mr. Massey until the expiration of his state sentences. Based on his state sentencing order, Mr. Massey petitioned this Court for a writ of mandamus to force compliance by state prison officials. However, because the issuance of a writ of mandamus would be futile in these circumstances, we deny the relief prayed for in the petition. Although no relief can be obtained by a writ of mandamus, this order, under Rule 35(b) (1985) of the West Virginia Rules of Criminal Procedure, should be considered to allow the Circuit Court of Boone County, upon proper motion, to reduce Mr. Massey's state sentences, if such reduction is deemed just in the sound discretion of the circuit court.

## I.

## FACTS AND BACKGROUND

According to the petition, which was filed *pro se* by Mr. Massey, Mr. Massey "was convicted of mail fraud after his plea in April 1990 in the United States District Court for the Southern District of West Virginia." Mr. Massey was sentenced to serve two (2) years incarceration and three (3) years supervised release. In April 1992, Mr. Massey, having served his two-year incarceration term, was released and began serving his three years of supervised release.

On December 26, 1992, Mr. Massey was the driver in a fatal automobile accident, which resulted in his indictment in April 1993 for driving under the influence (DUI) causing death. *See* W. Va.Code 17c–5–1 (1979). Pending disposition of this case, Mr. Massey remained on federal supervised release.

On April 15, 1993, Mr. Massey was again the driver in a fatal automobile accident, which resulted in his indictment in September 1993 for DUI causing death. Mr. Massey continued to remain on federal supervised release.

By order entered on June 22, 1994, Mr. Massey was sentenced by the Honorable Jay M. Hoke, Judge of the Circuit Court of Boone County, to serve one year in jail for the 1992 DUI and to serve an indeterminate sentence of one (1) to ten (10) years for the 1993 DUI with the sentences to be served consecutively.[2] Judge Hoke also ordered the DUI sentences to be served concurrently, in federal custody, with any sentence to be imposed by the federal court for Mr. Massey's violation of supervised release.[3]

By order entered on July 5, 1994, Mr. Massey's supervised release was revoked and he was sentenced by the Honorable Elizabeth V. Hallanan, United States District Judge for the United States District Court for the Southern District of West Virginia, to two years imprisonment with his sentence to "be served consecutively to any previously

---

1. Pursuant to an administrative order entered by this Court on October 15, 1996, the Honorable Arthur M. Recht, Judge of the First Judicial Circuit, was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing October 15, 1996 and continuing until further order of this Court.

2. Neither of the circuit court's sentencing orders specifies which section of the W. Va.Code was violated by Mr. Massey. Apparently on March 24, 1994, Mr. Massey pled guilty to Driving Under the Influence Causing Death, a misdemeanor, and Driving Under the Influence Causing Death, a felony.

3. When the circuit court entered its June 22, 1994 sentencing order, the federal court had not imposed any sentence upon Mr. Massey based on the federal revocation of supervised release charge.

imposed federal or state sentence. (Footnote omitted.)" Mr. Massey was remanded "for transfer back to state custody to complete service of two consecutive state sentences." Judge Hallanan's order noted Mr. Massey had an alcohol concentration in his blood of .18 and .28, respectively, at the time of the accidents and had "failed to notify the Probation Officer that he had been questioned or arrested by law enforcement officers concerning these accidents."

By "Supplemental Corrected Order of Sentence" entered on April 19, 1995, Judge Hoke, again ordered Mr. Massey's state sentences to run concurrently with his federal sentence and ordered state prison officials to "act to immediately effectuate the defendant's transfer to federal custody." [4] According to his petition, shortly thereafter Mr. Massey was transferred from the South Central Regional Jail to the Mt. Olive Correctional Complex, where he is presently incarcerated.

On April 12, 1996, Mr. Massey, acting *pro se,* petitioned this Court for a writ of mandamus seeking to compel the respondent state prison officials to transfer him to federal custody and to have federal authorities credit him with time served based on his alleged concurrent federal and state sentences. On July 31, 1996, this Court issued a rule to show cause, returnable on October 1, 1996. Counsel was appointed to represent Mr. Massey and presented an oral argument on his behalf. The state prison officials' response to our rule to show cause submitted the following information: first, a letter dated September 26, 1996 from John White, Inmate System Administrator, Mid–Atlantic Regional Office, Federal Bureau of Prisons, U.S. Department of Justice, stating that "it would be inappropriate and a violation of the federal sentencing court's intent, to accept Mr. Massey into federal custody until he has completed service of his state sentence;" and second, a letter dated May 10, 1995 signed by Kelly D. Ambrose, Assistant United States Attorney, Southern District of West Virginia, U.S. Department of Justice, indicating that

because the state sentence was imposed first, "at a time when no other sentence existed, Judge Hallanan solely, had the authority to determine whether her sentence was to run consecutive [sic] or concurrent [sic]."

Against the backdrop of two separate criminal justice systems issuing contradictory sentencing orders for Mr. Massey, this Court is asked to issue a writ to effectuate the sentence imposed by the state circuit court.

## II.

## DISCUSSION

■ In West Virginia, the general rule outlining the elements necessary for the issuance of a writ of mandamus was stated in Syllabus point 2, *State ex rel. Kucera v. City of Wheeling,* 153 W.Va. 538, 170 S.E.2d 367 (1969):

A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.

*See* Syl. pt. 2, *State ex rel. Blankenship v. Richardson,* 196 W.Va. 726, 474 S.E.2d 906 (1996); Syl. pt. 1, *Hickman v. Epstein,* 192 W.Va. 42, 450 S.E.2d 406 (1994).

■ However, we have also recognized that mandamus does not lie where performance of the thing sought to be compelled is an impossibility. As we stated in Syllabus point 6 of *Delardas v. Morgantown Water Commission,* 148 W.Va. 776, 137 S.E.2d 426 (1964): "A writ of mandamus will not be issued in any case when it is unnecessary or when, if sued, it would prove unavailing, fruitless or nugatory." *In accord* Syl. pt. 2, *State ex rel. Philyaw v. Williams,* 190 W.Va. 272, 438 S.E.2d 64 (1993) (per curiam); *Cox v. Board of Educ. of Hampshire County,* 177 W.Va. 576, 355 S.E.2d 365 (1987) (per curiam); *State ex rel. Prince v. West Virginia Dept. of Highways,* 156 W.Va. 178, 195 S.E.2d 160 (1972); *State ex rel. Capitol Busi-*

---

**4.** Although not specified in the April 19, 1995 order, the order is apparently a correction under Rule 35(a) (1985) of the West Virginia Rules of Criminal Procedure. *See infra* note 6 for text of Rule 35(a).

*ness Equip., Inc. v. Gates,* 155 W.Va. 64, 180 S.E.2d 865 (1971); *State ex rel. Nelson v. Ritchie,* 154 W.Va. 644, 177 S.E.2d 791 (1970); *State ex rel. Archer v. County Court of Wirt County,* 150 W.Va. 260, 144 S.E.2d 791 (1965).

■ In this case, the respondent state prison officials have been informed that the Federal Bureau of Prisons will not accept Mr. Massey into federal custody until he has completed his state sentences. According to *Boron Oil Co. v. Downie,* 873 F.2d 67, 69 (4th Cir.1989), "an action seeking specific relief against a federal official, acting within the scope of his delegated authority, is an action against the United States, subject to governmental privilege of immunity. *Larson v. Domestic and Foreign Commerce Corp.,* 337 U.S. 682, 688, 69 S.Ct. 1457, 1460, 93 L.Ed. 1628 (1949)." The Court of Appeals for the Fourth Circuit found that proceedings which "'interfere ... with the public administration'" and seek to compel a "federal agency to act in a manner different from that in which the agency would ordinarily choose to exercise its public function ... fall within the protection sovereign immunity." *Boron Oil Co. v. Downie,* 873 F.2d at 71 (citation omitted). *See U.S. v. Nordic Village, Inc.,* 503 U.S. 30, 33, 112 S.Ct. 1011, 1014, 117 L.Ed.2d 181, 187 (1992), *superseded by statute, see* 11 U.S.C. § 106(c) allowing specific monetary claims to be recovered from governmental units; *Morgan v. People of State of California,* 743 F.2d 728 (9th Cir.1984).

Given the protection of sovereign immunity and federal prison officials' refusal to accept Mr. Massey, this Court declines to issue a writ requiring federal prison officials to grant Mr. Massey credit on his federal sentence for the time he served in state custody on his state sentences. Although this Court could order state prison officials to act, any action undertaken by state prison officials without the cooperation of federal prison officials would not transfer Mr. Massey to federal custody. Given our longstanding policy of not issuing a writ of mandamus where "it would prove unavailing, fruitless, or nugatory," (Syl. pt. 6, *Delardas v. Morgantown Water Commission, supra*) we, therefore, deny the prayed for writ of mandamus.

We note that the conflict between the federal (consecutive) and state (concurrent) sentences that were imposed on Mr. Massey is not unique. In *Del Guzzi v. U.S.,* 980 F.2d 1269, 1271 (9th Cir.1992), the Court of Appeals for the Ninth Circuit found that under 18 U.S.C. § 3568, "federal authorities need only accept prisoners upon completion of their state sentence and need not credit prisoners with time spent in state custody. (Citations omitted.)" *See McIntosh v. Looney,* 249 F.2d 62, 64 (10th Cir.1957) (marshal has no duty to take petitioner into custody until released from second state sentence); *Lionel v. Day,* 430 F.Supp. 384, 386 (W.D.Okla.1976) ("Obviously no comment or order by a state judge can control the service of a federal sentence.") In a concurring opinion in *Del Guzzi v. U.S.,* after outlining in detail the defendant's expectation of and state order for concurrent sentences, Judge Norris found no avenue to grant relief and hoped defendant's case would serve as a lesson. Judge Norris stated:

> State sentencing judges and defense attorneys in state proceedings should be put on notice. Federal prison officials are under no obligation to, and may well refuse to, follow the recommendation of state sentencing judges that a prisoner be transported to a federal facility. Moreover, concurrent sentences imposed by state judges are nothing more than recommendations to federal officials. Those officials remain free to turn those concurrent sentences into consecutive sentences by refusing to accept the state prisoner until the completion of the state sentence and refusing to credit the time the prisoner spent in state custody.

*Del Guzzi v. U.S.,* 980 F.2d at 1272–73 (Norris, J., concurring). *See Bloomgren v. Belaski,* 948 F.2d 688, 691 (10th Cir.1991) (the question of defendant's federal sentence running consecutively "to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction").

■ Although we decline, under the circumstances, to issue the requested writ, our order is this case should, under Rule 35(b)

(1985) of the West Virginia Rules of Criminal Procedure, be considered as an "order or judgment of the Supreme Court of Appeals denying review of, or having the effect of upholding, a judgment of conviction or probation revocation," which would permit Mr. Massey to petition the circuit court, within 120 days after entry of this order, for a reduction in his state sentences.[5] Rule 35(b) states:

> Reduction of Sentence.—A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or *within 120 days after entry of any order or judgment of the Supreme Court of Appeals denying review of, or having the effect of upholding, a judgment of conviction or probation revocation.* The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision. (Emphasis added.) [6]

[redacted] Our designation of this order as allowing, under Rule 35(b), a motion for a reduction in sentence, is based on the unique circumstances of this case, and today's holding does not confer similar properties to any other judgments concerning petitions for a writ of mandamus. We make no determination as to the proper state sentences for Mr. Massey under these circumstances, relying on the well-settled proposition that a trial court's discretion when imposing a sentence is broad, and as long as that sentence is within statutory limits and is not based on some impermissible factor, it is not subject to appellate review. Syllabus point 12, *State v. Broughton,* 196 W.Va. 281, 470 S.E.2d 413 (1996); Syllabus point 9, *State v. Hays,* 185 W.Va. 664, 408 S.E.2d 614 (1991); Syllabus point 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982).

Based on the above stated reasons, we deny the requested writ of mandamus, but our holding should be considered as an "order or judgment" of this Court "denying review of, or having the effect of upholding, a judgment of conviction or probation revocation" under Rule 35(b) (1985) of the West Virginia Rules of Criminal Procedure, thereby allowing a timely motion to the Circuit Court of Boone County for a reduction in Mr. Massey's state sentences.

Writ denied.

[redacted]

5. Although Rule 35(b) was amended, effective September 1, 1996, in part, by deleting the above quoted portion of the rule, because Mr. Massey's petition to this Court and our rule to show cause were issued before the effective date of the rule change, we have applied the 1985 version of Rule 35(b). *See State v. Thornton,* 197 W.Va. 726, 478 S.E.2d 576 (1996) discussing the 1996 changes to Rule 35(b) and their application.

6. Rule 35(a) (1985) of the West Virginia Rules of Criminal Procedure states:

> Correction of Sentence.—The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.