# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jonathan Lind,**
**Petitioner Below, Petitioner**

**FILED**

**May 31, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 17-0897** (Kanawha County 16-P-37 and 06-F-299)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jonathan Lind, pro se, appeals the September 27, 2017, order of the Circuit Court of Kanawha County denying (1) petitioner's motions to alter or amend the judgment in his third habeas corpus proceeding; and (2) petitioner's motions for reduction of sentence in his underlying criminal case.[1] Respondent Donnie Ames, Mt. Olive Correctional Complex,[2] by counsel Scott E. Johnson, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Following the 2015 motion for reduction of sentence, petitioner filed motions for a hearing and appointment of counsel which the circuit court dismissed as moot. Because we find that the circuit court lacked jurisdiction to consider petitioner's 2015 motion for reduction of sentence, *see infra*, we affirm the court's dismissal of the motions for a hearing and appointment of counsel on that ground.

[2]Since the filing of the appeal in this case, the superintendent at Mount Olive Correctional Complex has changed and the superintendent is now Donnie Ames. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3.

1

On March 31, 2006, petitioner killed Edward Ayers in the victim's home. According to the investigating officer's grand jury testimony, petitioner then stole the victim's credit card and vehicle and went on a shopping spree. On July 26, 2006, the grand jury indicted petitioner on one count of murder, one count of first-degree robbery, and three counts of forgery of a credit card. At trial, petitioner testified that he went to the victim's house to "make some money" by providing sexual favors to the victim. An altercation eventually ensued, and petitioner hit the victim with a claw hammer and then took the victim's wallet, keys, and vehicle. Petitioner testified that he traded the vehicle for crack cocaine the following morning. Petitioner admitted that he used the victim's credit card on two occasions when he was with an "associate." However, petitioner testified that his associate used the credit card on the third occasion after petitioner had given it to him while the two were at the drive-thru at a McDonald's. Also, the circuit court allowed petitioner to testify that the victim had a tendency to get into altercations with other persons. Following jury instructions and closing arguments, the jury convicted petitioner of second-degree murder, first-degree robbery, and three counts of forgery of a credit card. At a June 1, 2007, sentencing hearing, the circuit court rejected petitioner's argument for concurrent sentencing and sentenced him to an aggregate term of 33 to 150 years of incarceration. Petitioner sought review of his convictions and sentence in this Court, which refused his appeal on March 20, 2008.

Petitioner filed pro se his first petition for a writ of habeas corpus on October 2, 2008. Following a February 18, 2009, evidentiary hearing, the circuit court denied habeas relief on April 17, 2009. On April 20, 2009, the circuit court appointed a new attorney to represent petitioner in his habeas appeal. On April 28, 2009, petitioner filed a notice of appeal regarding the denial of habeas relief. However, no appeal was filed from the circuit court's April 17, 2009, order denying petitioner's first habeas petition.

On November 17, 2009, petitioner filed pro se a second habeas petition. By order entered on February 5, 2010, the circuit court appointed an attorney to represent petitioner. On October 22, 2010, petitioner's habeas attorney filed an amended petition. The material submitted to the circuit court by petitioner, pro se, and by his attorney in the second habeas proceeding raised various constitutional claims. Some of these claims had been raised and denied in petitioner's first habeas case, and other claims were raised for the first time in the second proceeding. On December 12 and 14, 2012, the circuit court held an evidentiary hearing in the second habeas proceeding. In the interest of allowing petitioner a full and thorough review, the circuit court allowed him to present evidence on all grounds for relief asserted in his amended habeas petition, including those that the circuit court denied in the first habeas proceeding. By order entered on January 9, 2014, the circuit court denied petitioner's second habeas petition. Petitioner appealed the circuit court's January 9, 2014, order. This Court affirmed the denial of habeas relief in *Lind v. Ballard* ("*Lind I*"), No. 14-0116, 2015 WL 5125884, at *7 (W.Va. Aug. 31, 2015) (memorandum decision).[3]

On January 29, 2016, petitioner filed pro se a third habeas petition. By order entered

---

[3]We take judicial notice of the record in *Lind I*.

October 26, 2016, the circuit court denied habeas relief without a hearing or appointment of counsel. Petitioner appealed the denial of the third habeas petition in *Lind v. Ballard* ("*Lind II*"), No. 16-1033, 2017 WL 4570572 (W.Va. Oct. 13, 2017) (memorandum decision).[4] In *Lind II*, this Court found that petitioner's second habeas proceeding constituted an omnibus proceeding where he was afforded an opportunity to raise all available issues, explaining that, "by allowing petitioner to re-raise [his] claims in the second habeas proceeding, the circuit court cured the failure of the appellate attorney in the first habeas proceeding to file an appeal in that case." *Id.* at *4.

Also, in *Lind II*, petitioner argued that his attorney in the second proceeding failed (1) to present the testimony of a witness who exercised his right not to incriminate himself regarding an earlier altercation with the victim; (2) to assert that the jury was not properly instructed with regard to the intent to steal, which is necessary to support a conviction for first-degree robbery; (3) to argue that petitioner was denied due process of law when co-counsel was not appointed in his criminal trial; (4) to assert that there was insufficient evidence to support the third conviction for forgery of a credit card; (5) to call petitioner's associate as a witness so that he could be impeached; (6) to assert that the circuit court's June 1, 2007, sentencing order failed to set forth sufficient findings to support petitioner's sentence; and (7) to argue that count two of the indictment, which charged petitioner with first-degree robbery, was defective. *Id.* However, we found that "all of the grounds petitioner alleges that his second habeas trial attorney failed to raise are without merit and/or were encompassed within the issues fully and finally adjudicated in his appeal in *Lind I*." *Id.* at *6. Therefore, we affirmed the circuit court's denial of the third habeas petition. *Id.* at *7.

Following the circuit court's October 20, 2016, order denying the third habeas petition, petitioner filed two motions to alter or amend the judgment pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure on December 16, 2016, and February 13, 2017. In the second motion, petitioner stated that it may be necessary for the circuit court "to construe this motion as a motion for relief from judgment" under Rule 60(b). Subsequently, petitioner filed a petition for a writ of mandamus in this Court on August 7, 2017, seeking to compel the circuit court to rule on his motions to alter or amend the judgment as well as two motions for reduction of sentence previously filed in the underlying criminal case. The first motion for reduction of sentence was filed on April 25, 2008, following this Court's refusal of his criminal appeal on March 20, 2008, and the second motion was filed on September 29, 2015, following this Court's affirmation of the denial of petitioner's second habeas petition on August 31, 2015, in *Lind I*.

By order entered October 11, 2017, this Court refused petitioner's mandamus petition as moot given the entry of the circuit court's September 27, 2017, order. In that order, the circuit court denied the motions to alter or amend the judgment in petitioner's third habeas proceeding after construing them as Rule 60(b) motions and denied both motions for reduction of sentence in the underlying criminal case. Petitioner now appeals the denial of his motions.

<u>The circuit court properly denied petitioner's motions</u>
<u>to alter or amend the judgment after construing them as Rule 60(b) motions.</u>

---

[4]We take judicial notice of the record in *Lind II*.

Rule 59(e) provides that a "motion to alter or amend the judgment shall be filed not later than 10 days after entry of the judgment." We find that neither petitioner's December 16, 2016, motion nor his February 13, 2017, motion was filed within ten days of the entry of the circuit court's October 20, 2016, order denying the third habeas petition.

"[A] motion served more than ten days after a final judgment is a Rule 60(b) motion [for relief from judgment]." *Savage v. Booth*, 196 W.Va. 65, 68 n.5, 468 S.E.2d 318, 321 n.5 (1996). In syllabus points three and four of *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974), we held:

> 3.    An appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order.

> 4.    In reviewing an order denying a motion under Rule 60(b), W.Va.R.C.P., the function of the appellate court is limited to deciding whether the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner.

Here, petitioner argues that the circuit court did not fully consider his claims that his attorney in the second habeas proceeding failed (1) to present the testimony of a witness who exercised his right not to incriminate himself regarding an earlier altercation with the victim; (2) to assert that the jury was not properly instructed with regard to the intent to steal, which is necessary to support a conviction for first-degree robbery; (3) to argue that petitioner was denied due process of law when co-counsel was not appointed in his criminal trial; (4) to assert that there was insufficient evidence to support the third conviction for forgery of a credit card; (5) to call petitioner's associate as a witness so that he could be impeached; (6) to assert that the circuit court's June 1, 2007, sentencing order failed to set forth sufficient findings to support petitioner's sentence; and (7) to argue that count two of the indictment, which charged petitioner with first-degree robbery, was defective. Respondent counters that petitioner is attempting to reargue claims that have already been resolved against petitioner. We agree with respondent.

In *Lind II*, we affirmed the circuit court's October 20, 2016, order denying habeas relief, finding that "all of the grounds petitioner alleges that his second habeas trial attorney failed to raise are without merit and/or were encompassed within the issues fully and finally adjudicated in his appeal in *Lind I.*" *Id.* at \*6.[5] In *Powderidge Unit Owners Ass'n v. Highland Properties, Ltd.*, 196 W.Va. 692, 706, 474 S.E.2d 872, 886 (1996), we found that a Rule 60(b) motion "is simply not an

---

[5]We note that our memorandum decisions in *Lind I* and *Lind II* constitute final decisions on the merits pursuant to Rule 21(a) of the West Virginia Rules of Appellate Procedure. *See In Re: T.O.*, 238 W.Va. 455, 464, 796 S.E.2d 564, 573 (2017) (finding that a memorandum decision is an adjudication on the merits); *State v. McKinley*, 234 W.Va. 143, 151, 764 S.E.2d 303, 311 (2014) (same).

4

opportunity to reargue facts and theories upon which a court has already ruled." *See also* Syl. Pt. 2, *N.C. v. W.R.C.*, 173 W.Va. 434, 317 S.E.2d 793 (1984) (defining an "independent action" under Rule 60(b) as "an equitable action that does not re[-]litigate the issues of the final judgment, order[,] or proceeding from which relief is sought and is one that is limited to special circumstances"). Therefore, based on our review of the record, we find that the circuit court did not abuse its discretion in denying petitioner relief pursuant to Rule 60(b).

<u>The circuit court properly denied the 2008 motion</u>
<u>for reduction of sentence and did not have jurisdiction to consider the 2015 motion.</u>

Respondent asks us to evaluate the circuit court's jurisdiction to consider petitioner's Rule 35(b) motions for reduction of sentence.[6] In syllabus point two of *State ex rel. Smith v. Sims*, 239 W.Va. 764, 806 S.E.2d 420 (2017), we held that "[a] circuit court does not have jurisdiction to rule upon the merits of a motion for reduction of a sentence under Rule 35(b) . . . when the motion is filed outside the 120-day filing period set out under that rule." In *Barritt v. Painter*, 215 W.Va. 120, 122, 595 S.E.2d 62, 64 (2004), we found that, pursuant to Rule 35(b), as amended:

> [A] motion to reduce a sentence should be made . . . within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the Supreme Court of Appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the Supreme Court of Appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation.[7]

(quoting *State v. Thornton*, 197 W.Va. 726, 728, 478 S.E.2d 576, 578 (1996)) (footnote added).

---

[6]In *State ex rel. Smith v. Thornsbury*, 214 W.Va. 228, 233, 588 S.E.2d 217, 222 (2003), we found that "lack of jurisdiction of the subject matter may be raised for the first time in this Court[.]"

[7]Rule 35(b) provides, in full:

> A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

5

Here, we refused petitioner's criminal appeal on March 20, 2008, and petitioner filed his initial Rule 35(b) motion on April 25, 2008, and filed the second such motion on September 29, 2015. Therefore, based on our review of the record, we find that petitioner's 2015 motion was filed *more than seven years* following our refusal of his criminal appeal. We note petitioner's argument set forth in his 2015 motion that the circuit court had jurisdiction to consider the motion because it was filed within 120 days of this Court's August 31, 2015, affirmation in *Lind I* of the denial of his second habeas petition. However, in *Barritt*, we found that, under the "the express and unequivocal language of Rule 35(b)," the 120-day period for seeking a reduction of sentence is not triggered by this Court's resolution of a habeas appeal, rejecting that defendant's attempt "to parlay a denial of habeas corpus relief into entitlement to Rule 35(b) relief." 215 W.Va. at 122, 595 S.E.2d at 64. Therefore, because petitioner filed his 2015 motion more than 120 days after our refusal of his criminal appeal, we conclude that the circuit court lacked jurisdiction to consider that motion.

Nonetheless, we will consider the exhibits that petitioner attached to the 2015 motion in reviewing the circuit court's denial of his 2008 motion.[8] Rule 35(b) requires a circuit court to rule on a motion for reduction for sentence within "a reasonable time." In syllabus points four and five of *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507(1996), we held:

4.     When a trial court fails to act on a motion timely filed by a defendant under Rule 35(b) . . . by reason of an administrative error, any resultant delay cannot, as a matter of law, be an unreasonable delay barring Rule 35(b) relief.

5.     When considering [Rule] 35(b) motions, circuit courts generally should consider only those events that occur within the 120-day filing period; however, as long as the circuit court does not usurp the role of the parole board, it may consider matters beyond the filing period when such consideration serves the ends of justice.

We review the circuit court's denial of petitioner's 2008 motion under an abuse of discretion standard. *See* Syl. Pt. 1, *id.* at 299, 480 S.E.2d at 508. In *State v. King*, 205 W.Va. 422, 425, 518 S.E.2d 663, 666 (1999), we found that a hearing on a Rule 35(b) motion was unnecessary where "[t]he record establishes that the circuit court held lengthy hearings when the appellant pled guilty and when he was sentenced." *See Head*, 198 W.Va. at 306, 480 S.E.2d at 515 (Cleckley, J., concurring) ("A Rule 35(b) hearing is not, nor was it ever intended to be, a sentencing hearing."). Here, petitioner was found guilty following a jury trial, at which the circuit court also heard the evidence, and was sentenced at a June 1, 2007 hearing. At the sentencing hearing, petitioner requested that a public intoxication charge be removed from his presentence investigation report. The circuit court granted the request, finding that it was also "the probation department's position that that entry belonged to another individual." Petitioner's trial attorney argued for concurrent sentencing and petitioner gave a brief statement that he was "a really lost person" at the time of

---

[8]The exhibits include certificates of completion and certificates of attendance for various classes that petitioner has taken while incarcerated.

the victim's murder and that he was "sorry." The circuit court rejected the request for concurrent sentencing, noting that petitioner bludgeoned the victim to death and then used the victim's credit card "to eat, to shop for [him]self and to shop for others." Based on our review of the sentencing transcript, we find that the circuit court did not impose petitioner's aggregate sentence reflexively given that it "gave a lot of consideration to this sentence" and took into account petitioner's "background, [his] age, [and] the facts and circumstances surrounding this event[.]"[9]

Petitioner points to his efforts at rehabilitation during incarceration. However, in *State v Redman*, 213 W.Va. 175, 180-81, 578 S.E.2d 369, 374-75 (2003), we found that, while a trial court needs to consider the issue of rehabilitation, "those decisions are not to be made in a vacuum separate from the relevant facts that weigh on this serious issue and its attendant consequences on the community at large." *See Head*, 198 W.Va. at 305, 480 S.E.2d at 514 (Cleckley, J., concurring) (stating that "there are many perfectly legitimate reasons for summary rejection of a Rule 35(b) motion, despite the presentation of an otherwise persuasive or sympathetic case by a defendant"). Therefore, based on our review of the record, we cannot say that the circuit court abused its discretion in denying petitioner's 2008 motion for reduction of sentence.

For the foregoing reasons, we affirm the circuit court's September 27, 2017, order denying (1) petitioner's motions to alter or amend the judgment in his third habeas corpus proceeding; and (2) petitioner's motions for reduction of sentence in the underlying criminal case.

Affirmed.

**ISSUED:** May 31, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[9]Petitioner states that he was nineteen years old at the time of his offenses.