Carl THOMPSON, Appellant,

v.

STATE of Alaska, Appellee.

No. A–7448.

Court of Appeals of Alaska.

Nov. 24, 2000.

---

Carl Thompson, pro se, Lompoc, CA, for Appellant.

Douglas H. Kossler, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, STEWART, Judge, and RABINOWITZ, Senior Supreme Court Justice.*

## OPINION

COATS, Chief Judge.

Carl Thompson was convicted of murder in the first degree for killing his ex-wife, Dixie Gutman, and convicted of tampering with physical evidence by disposing of her body. We affirmed Thompson's conviction in *Thompson v. State.*[1] In that 1989 decision,

we remanded Thompson's case for resentencing. The superior court amended Thompson's sentence on June 1, 1989. Thompson then filed a petition for writ of habeas corpus in federal court arguing, as he had in his state appeal, that his confession had been obtained in violation of his *Miranda* rights.[2] Thompson's claim was ultimately rejected by the federal courts and the United States Supreme Court rejected Thompson's petition for certiorari in 1999.[3]

On June 7, 1996, Thompson filed an application for post-conviction relief.[4] In this 1996 application, Thompson raised three main points. First, he argued that the voluntariness of his confession should be reconsidered due to newly-discovered evidence.[5] On this issue, he relied in part on the August 1995 affidavit of Lisa Huffaker, his girlfriend at the time of the offense.[6] Thompson claimed that Lisa Huffaker had put a dose of Mepergan in his sandwich which had caused him to become confused.[7] He argued that this was newly-discovered evidence which the court should reconsider on the question whether his confession was voluntary.[8] We rejected Thompson's claim.[9] We stated

It is arguable that Thompson could relitigate the voluntariness of his confession if he established that the evidence which he sought to present was newly discovered evidence. But an applicant seeking post-conviction relief on the basis of newly discovered evidence must meet the same burden as a defendant who files a timely motion under Criminal Rule 33 for a new trial based on newly-discovered evidence.[10]

We concluded that Judge Steinkruger did not err in dismissing Thompson's application be-

---

* Sitting by assignment made pursuant to article IV, section 11 of the Alaska Constitution and Administrative Rule 23(a).

1. 768 P.2d 127 (Alaska App.1989).

2. *Thompson v. Keohane*, 34 F.3d 1073 (9th Cir. 1994).

3. *Thompson v. Keohane*, 34 F.3d 1073 (9th Cir. 1994); 516 U.S. 99, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995); 145 F.3d 1341 (9th Cir.1998); 525 U.S. 1158, 119 S.Ct. 1066–67, 143 L.Ed.2d 70 (1999).

4. *Thompson v. State*, Memorandum Opinion and Judgment No. 3897, 1998 WL 720481 (Alaska App., October 14, 1998).

5. *Id.* at 2–3.

6. *Id.*

7. *Id.*

8. *Id.*

9. *Id.* at 5.

10. *Id.* at 4 (citations omitted).

cause he had not met the stringent standard to be entitled to a new trial on the basis of newly-discovered evidence.[11] We also rejected Thompson's second claim, that his counsel had been ineffective.[12] However, we remanded the case to have the superior court determine whether Thompson was denied his right to testify at trial.[13]

In August of 1998, Thompson filed a motion asking the superior court to relax the time limit for filing a motion for a new trial. Thompson recognized that a motion for a new trial based on newly-discovered evidence had to be made within 180 days after a final judgment. But he claimed that a final judgment had not been issued in his case because he had continued to litigate his petition for habeas corpus in federal court. Judge Steinkruger denied Thompson's motion to relax the time limits.

In December of 1998, Thompson filed an Alaska Criminal Rule 33 motion for a new trial. In July of 1999, Judge Steinkruger summarily dismissed the Rule 33 motion. In June of 1999, Thompson filed a motion for reduction of sentence, as well as a motion for appointment of counsel. Judge Steinkruger denied both of these motions in July of 1999. Thompson now appeals on three different points: the dismissal of the Rule 33 motion; the denial of the motion to reduce his sentence under Rule 35(b)(1); and the denial of his motion to appoint counsel to bring a Rule 35(a) motion to reduce sentence.

Alaska Criminal Rule 33 provides that:

A motion for a new trial based on the ground of newly discovered evidence may be made only before or within 180 days after final judgment but if an appeal is pending the court may grant the motion only on remand of the case.[14]

Thompson appears to recognize that his motion is not timely, but argues that the time limits of Criminal Rule 33 can be extended if the applicant meets the standards of AS 12.72.020(b)(1)(B). Alaska Statute 12.72.020(a)(3) and (4) set out time limits for filing an application for post-conviction relief. Alaska Statute 12.72.020(b)(2) sets out an exception for meeting those time limits for newly-discovered evidence.

■ But the pleading in question is not an application for post-conviction relief. Thompson filed a motion for a new trial. Therefore, AS 12.72.020 does not apply to his motion for a new trial. If Thompson were filing an application for post-conviction relief, he would be disqualified under AS 12.72.020(a)(6) because he has filed a previous application for post-conviction relief.

■ Thompson also argues that Judge Steinkruger erred in denying his motion to reduce his sentence. Motions to reduce sentence are brought under Criminal Rule 35(b)(1), which provides that:

The court ... may modify or reduce a sentence within 180 days of the distribution of the written judgment upon a motion made in the original criminal case.

Thompson was originally sentenced in 1987 and, after this court vacated his sentence, was resentenced in 1989. Therefore, his 1999 motion to reduce his sentence was untimely under Criminal Rule 35(b)(1).

■ The state points out that the legislature created a special exception to the 180 day limit contained in the current version of Rule 35.[15] This exception contains provisions which authorize defendants to bring a motion to reduce sentence in the following situations:

11. *Id.* at 4–5.

12. *Id.* at 10.

13. *Id.*

14. Alaska R.Crim.P. 33.

15. Alaska R.Crim.P. 35, note to SCO 1240 states:

Notwithstanding Rule 35, Alaska Rules of Criminal Procedure, as amended in secs. 29–31 of this Act, the trial court, under Rule 35(b),

as amended by the Act, may reduce the sentence of a defendant sentenced before the effective date of this section if the defendant took an appeal and the sentence reduction occurs within 120 days of the day that jurisdiction is returned to the trial court under Rule 507(b), Alaska Rules of Appellate Procedure, unless the defendant petitions the United States Supreme Court for certiorari, in which case the 120 days commences on the day that the Supreme Court denies relief.

Chapter 79 section 42, SLA 1995, *reprinted in* Alaska R.Crim.P. 35, note to SCO 1240.

(i) if the defendant was sentenced before the enactment of this section of the 1995 Session Law of Alaska and the defendant took an appeal, the defendant must obtain a sentence reduction within 120 days of the day jurisdiction is returned to the trial court under Appellate Rule 507(b).

(ii) *if the defendant petitions for certiorari at the U.S. Supreme Court, the 120 days starts to run when the Court denied relief.*[16]

Thompson argues that under the exception, the 120–day time limit for filing his motion to reduce his sentence should have started to run when the United States Supreme Court denied certiorari as to his federal habeas corpus action. He argues that his motion was therefore timely within the legislative exception to the time constraints provided for in Criminal Rule 35(b)(1). But we agree with the state's position that the legislature intended to require a defendant filing a Rule 35(b) motion for a reduction of sentence to apply for the reduction after completion of the appeal in his original case. To allow a defendant to apply for a sentence reduction after his collateral attack was completed would allow a defendant to bring a motion for a sentence reduction at any time. A defendant would merely have to file a

federal habeas corpus action or an application for a post-conviction relief and then pursue it to the United States Supreme Court. When the United States Supreme Court denied certiorari, the defendant could apply for a sentence reduction. This was not the legislature's intention. Thompson's motion, therefore, does not fall within the exception. We accordingly conclude that Judge Steinkruger did nor err in denying Thompson's motion to reduce sentence.

Thompson next argues that Judge Steinkruger erred in denying his motion to appoint counsel to bring a Rule 35(a) motion to reduce sentence. As we have previously noted, Thompson's motion to reduce his sentence is untimely. Therefore, Judge Steinkruger did not err in failing to appoint counsel to pursue this motion.

AFFIRMED.

MANNHEIMER, Judge, not participating.

---

**16.** *See Id.* (Emphasis added).