595 S.E.2d 62

Robert Martin BARRITT, Petitioner Below, Appellant,

v.

Howard PAINTER, Warden, Mt. Olive Correctional Center, Respondent Below, Appellee.

No. 31492.

Supreme Court of Appeals of West Virginia.

Submitted: Jan. 27, 2004.

Filed: March 15, 2004.

Robert Martin Barritt, Pro Se.

Scott Smith, Prosecuting Attorney, William J. Ihlenfeld, II, Assistant Prosecuting Attorney, Wheeling, for the Appellee.

PER CURIAM:

This is an appeal by Robert Martin Barritt (hereinafter "Appellant") from a decision of the Circuit Court of Ohio County denying the Appellant's Motion to Correct or Reduce Sentence as untimely filed. The Appellant contends that the lower court improperly

denied his motion and appeals to this Court. Upon thorough review of the record, briefs, and applicable precedent, we affirm the determination of the lower court.

### I. Factual and Procedural History

In 1982, the Appellant was indicted on the charge of first degree murder, convicted of that crime, and sentenced to life in prison without mercy. An appeal of that conviction was refused by this Court on May 13, 1982. In January 1992, a habeas corpus petition, designated 92–C–76, was filed by the Appellant and was denied. This Court refused the petition for appeal from that denial of the habeas corpus petition.

On March 19, 2001, the Appellant filed another request for habeas corpus, designated 01–C–119, in Circuit Court of Ohio County. This request was also denied at the lower court level, and this Court refused a petition for appeal on April 24, 2002. On August 21, 2002, the Appellant filed a motion pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure, seeking a reduction in his sentence. The lower court denied the motion, reasoning that such motion does not properly lie where a habeas corpus petition was denied and affirmed on appeal. This appeal followed.

### II. Standard of Review

■ The following standard of review was enunciated in syllabus point one of *State v. Head,* 198 W.Va. 298, 480 S.E.2d 507 (1996), and will be utilized by this Court:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

### III. Discussion

The current version of Rule 35(b) of the West Virginia Rules of Criminal Procedure provides as follows:

> A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

The Appellant filed his motion on August 21, 2002, and its resolution is consequently governed by the current version of the rule, as amended in 1996. However, in his attempt to obtain relief, the Appellant relies upon this Court's reasoning in *State v. Thornton,* 197 W.Va. 726, 478 S.E.2d 576 (1996), to support his claim that he invoked Rule 35(b) in a timely fashion. The fallacy in the Appellant's reasoning lies in the fact that this Court's determination in *Thornton* was predicated upon a pre–1996 version of Rule 35(b). That prior rule was distinctly different from the present version, to the extent that it had allowed the motion to be filed within 120 days from entry of an order "having the effect of upholding" a judgment of conviction or probation revocation. Specifically, the pre–1996 rule provided:

> *Reduction of Sentence.*—A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court of Appeals denying review of, *or having the effect of upholding,* a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

In its interpretation of the phrase "or having the effect of upholding," this Court in

*Thornton* held that a Supreme Court of Appeals' order affirming the denial of habeas corpus relief had *the effect of upholding* the validity of the underlying conviction, thus providing the petitioner with a period of 120 days from the entry of that order to file the Rule 35(b) motion to reduce sentence. The *Thornton* Court noted that Rule 35(b) had been altered in 1996, but it applied the pre–1996 version of the rule since Mr. Thornton had filed his motion prior to the 1996 alteration. 197 W.Va. at 728, 478 S.E.2d at 578. Specifically, in the syllabus of *Thornton*, the Court stated as follows:

> Effective September 1, 1996, Rule 35(b) of the West Virginia Rules of Criminal Procedure, regarding a motion to reduce a criminal sentence, was modified to read as follows: "(b) *Reduction of Sentence.* A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision."

The Court concluded its reasoning in *Thornton* with the following recognition:

> Although the Court believes that ... [Mr. Thornton] is entitled to the benefit of Rule 35(b) as in effect at the time he filed his motion and that the circuit court erred by denying him that benefit, the Court believes that, effective September 1, 1996, Rule 35(b), as amended, would govern the timeliness of motions filed on or after that date, and a motion to reduce a sentence should be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the Supreme Court of Appeals upon affirmance of a judgment

of a conviction or probation revocation or the entry of an order by the Supreme Court of Appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation.

*Id.* at 728, 478 S.E.2d at 578.

■ This Court currently confronts the situation foreseen by the *Thornton* Court. The omission of the phrase "or having the effect of upholding" eliminates the right to a Rule 35(b) hearing for an individual whose appeal for review of a habeas corpus petition is denied. The explicit language of Rule 35(b) indicates that the motion must be filed within 120 days from the time (1) the sentence is imposed or probation is revoked, (2) a mandate is entered by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation, or (3) an order is entered by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. Those three precise instances are the only triggers specified in the rule, and the more expansive and amorphous phrase, "or having the effect of upholding" is no longer in existence.

The Appellant's Rule 35(b) motion was filed after Rule 35(b) had been amended in 1996; consequently, its determination will be based upon language existing in the 1996 amendment. Application of that current rule to the existing situation directs this Court to the conclusion that the Appellant's motion was untimely and properly denied by the lower court. The Appellant did not base his request for Rule 35(b) relief upon any of the grounds enumerated by the rule; instead, he attempted to parlay a denial of habeas corpus relief into entitlement to Rule 35(b) relief. That is simply not a correct application of the express and unequivocal language of Rule 35(b).

With regard to an attempt to fabricate a similar leap of logic within the federal context, the Alaska court commented as follows in *Thompson v. State,* 13 P.3d 276 (Alaska App.2000):

> [T]he legislature intended to require a defendant filing a Rule 35(b) motion for a reduction of sentence to apply for the reduction after completion of the appeal in his original case. To allow a defendant to

apply for a sentence reduction after his collateral attack was completed would allow a defendant to bring a motion for sentence reduction at any time. A defendant would merely have to file a habeas corpus action or an application for post-conviction relief and then pursue it to the United States Supreme Court. When the United States Supreme Court denied certiorari, the defendant could apply for a sentence reduction. This was not the legislature's intention.

13 P.3d at 279. The Appellant in *Thompson* had filed his motion to reduce sentence ten years after sentencing and had unsuccessfully sought federal habeas corpus relief. *See also Lewis v. State*, 2001 WL 488068 (Alaska App.2001).

Obviously, this Court, in fashioning Rule 35(b), as amended in 1996, intended a similar result. A petitioner is not entitled to application of Rule 35(b) based upon an underlying unsuccessful attempt to obtain habeas corpus relief. The Appellant's attempt to obtain Rule 35(b) relief in the case sub judice must fail. We consequently affirm the determination of the lower court.

Affirmed.