# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 13-0301** (Marion County 88-F-81)

**James S., Defendant Below,
Petitioner**

**FILED**

October 21, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner James S. appeals, *pro se*, the Circuit Court of Marion County's March 28, 2013 order denying his motion for correction of sentence.[1] The State, by counsel Scott E. Johnson, filed a response. Petitioner filed a reply and a supplemental appendix. On appeal, petitioner alleges that the circuit court erred in denying his motion for correction of sentence without appointing counsel or holding a hearing on the same.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 1987, petitioner was arrested under Marion County indictment number 87-F-12 charging him with incest and held in jail for two weeks, at which time the indictment *nolle prosequed*. Thereafter, petitioner was indicted under Marion County case number 87-F-40. In February of 1988, petitioner was convicted of incest in case number 87-F-40. However, this Court reversed that conviction in *State v. James Edward S.*, 184 W.Va. 408, 400 S.E.2d 843 (1990), and the charges against petitioner were dismissed. Around that same time, petitioner was again indicted and arrested under Marion County case number 88-F-81. This indictment charged petitioner with multiple counts of sexual crimes against a different daughter than the victim of incest in Marion County case number 87-F-40.

Following a jury trial, petitioner was convicted of one count of first degree sexual assault, one count of second degree sexual assault, and one count of incest in Marion County case number 88-F-81. Petitioner was thereafter sentenced to an aggregate sentence of thirty to fifty-five years

---

[1] In keeping with this Court's policy of protecting the identity of minors and victims of sexual offenses, petitioner will be referred to by his last initial throughout this memorandum decision.

1

of incarceration, with credit for 330 days of time served. Importantly, the Marion County cases in which petitioner was convicted concerned separate victims and allegations, and were in no way related.

In February of 2013, petitioner filed a motion for correction of sentence seeking to have credit for time served on the charges in case numbers 87-F-12 and 87-F-40 applied to his sentence in case number 88-F-81. Without appointing counsel or holding a hearing on the motion, the circuit court dismissed the same by order entered on March 28, 2013.

Upon our review, the Court finds no error in regard to the circuit court denying petitioner's motion for judgment of acquittal without appointing counsel or holding a hearing. We have previously held that

> "[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *Barritt v. Painter*, 215 W.Va. 120, 595 S.E.2d 62 (2004). The record shows that the circuit court did not abuse its discretion in denying petitioner's motion for correction of sentence because petitioner sought to have credit for time served on unrelated charges applied to his current sentence.

This Court has previously held that criminal defendants are not entitled to credit for time served in similar situations. *See State v. Wears*, 222 W.Va. 439, 665 S.E.2d 273 (2008) (denying a defendant's request for credit for time served between the State's voluntary dismissal of an indictment and the defendant's reindictment because he remained in custody serving time on unrelated charges). Simply put, petitioner is not entitled to have time served credit applied to his current sentence for time spent in custody on unrelated charges. Further, it is clear that the circuit court could decide this legal issue without appointment of counsel or the holding of a hearing on petitioner's motion, and petitioner cites to no authority requiring either. As such, the Court finds no error in the circuit court denying petitioner's motion without first appointing counsel or holding a hearing on the same.

For the foregoing reasons, the circuit court's March 28, 2013 order denying petitioner's motion for correction of sentence is hereby affirmed.

Affirmed.

**ISSUED**: October 21, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3