**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia, Plaintiff Below,**
**Respondent**

**vs) No. 13-0272** (Kanawha County 11-F-694)

**Ernest L. Young, Defendant Below,**
**Petitioner**

**FILED**

October 21, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Ernest L. Young, by counsel C. Casey Forbes, appeals the Circuit Court of Kanawha County's February 5, 2013 order denying his motion for reconsideration of sentence.[1] The State, by counsel Laura Young, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his motion for reconsideration of sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 10, 2011, Wilfred Naylor was killed in his home in Kanawha County, West Virginia. The victim was beaten to death with a baton. Several days later, petitioner was arrested for the murder. Ultimately, petitioner pled guilty to second degree murder on July 18, 2012. Pursuant to the plea agreement, the State recommended a term of incarceration of twenty years and petitioner requested alternative sentencing in the form of probation or home incarceration. On September 21, 2012, the circuit court sentenced petitioner to twenty years incarceration and denied his request for alternative sentencing. In January of 2013, petitioner filed a motion for reconsideration of sentence seeking home incarceration. The circuit court denied this motion by order entered February 5, 2013. It is from this order that petitioner appeals.

Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for reconsideration of sentence. While the West Virginia Rules of Criminal Procedure do not provide for a motion for reconsideration of sentence, criminal defendants are entitled to seek a reduction of sentence pursuant to Rule 35(b). We have previously held that

---

[1] Petitioner's counsel filed the petition for appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967).

1

"[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *Barritt v. Painter*, 215 W.Va. 120, 595 S.E.2d 62 (2004). While petitioner argues that he should have been entitled to alternative sentencing in the form of home incarceration because of his limited criminal history, his ample work history, and a family that depends on him for support, the Court finds no error in the denial of petitioner's motion. West Virginia Code § 62-11B-4(a) provides circuit courts discretion in granting home incarceration, and we find no abuse of that discretion in the present matter.

West Virginia Code § 61-2-3 states that a person found guilty of second degree murder "shall be punished by a definite term of imprisonment in the penitentiary which is not less than ten nor more than forty years." As noted above, petitioner was sentenced to a term of incarceration of twenty years. We have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Upon our review, we find that petitioner's sentence is not appropriate for review because it was within the applicable statutory limits and not based on any impermissible factor.

For the foregoing reasons, the circuit court's February 5, 2013 order denying petitioner's motion for reconsideration of sentence is hereby affirmed.

Affirmed.

**ISSUED**: October 21, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II