# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 13-0209** (Fayette County 11-F-54)

**Laurence R. Smith III,**
**Defendant Below, Petitioner**

**FILED**

November 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Laurence R. Smith III, by counsel Christopher S. Moorehead, appeals the order of the Circuit Court of Fayette County, entered January 16, 2013, denying his motion for a reduction of sentence. Following a jury trial, petitioner was convicted of three counts of first degree sexual abuse and three counts of sexual abuse by a custodian. The State, by counsel Scott E. Johnson and Laura J. Young, filed a response in support of the circuit court's decision.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In the fall of 1988, petitioner sexually abused his three nieces when he was babysitting the girls at his brother's house.[1] Petitioner was the only adult present with the girls that evening. The victims did not report petitioner's conduct until several years later. They gave statements to the sheriff's office and the resulting investigation led to petitioner's arrest. At trial, the State presented the testimony of the three victims, their mother, and an expert witness on delayed disclosure of sexual abuse, Dr. Joan Phillips.

Petitioner was convicted of three counts of sexual abuse by a parent, guardian or custodian and three counts of sexual abuse in the first degree. On June 1, 2012, the trial court sentenced petitioner to no less than thirteen years nor more than thirty-five years in the penitentiary.[2] On June 8, 2012, the trial court denied petitioner's motion for judgment

---

[1] In 1988, the girls would have been seven, nine, and ten years old.

[2] Specifically, the trial court sentenced petitioner to one to five years on Count I, five to ten years on Count II, one to five years on Count III, five to ten years on Count IV, one to five years on Count V, and five to ten years on Count VI of the indictment.

1

notwithstanding the verdict and/or for a new trial.

Thereafter, on September 28, 2012, petitioner filed a motion for sentence reduction pursuant to Rule 35 of the West Virginia Rules of Criminal Procedure.[3] The trial court denied the motion on January 16, 2013, and this appeal followed.[4]

This Court articulated the following standard of review in Syllabus Point 1 of *Barritt v. Painter*, 215 W.Va. 120, 595 S.E.2d 62 (2004):

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review. Syl. Pt. 1, *State v. Head,* 198 W.Va. 298, 480 S.E.2d 507 (1996).

With these standards in mind, we will address petitioner's arguments.

Petitioner presents one assignment of error related to his sentencing. He argues that the trial court erred in sentencing him to serve all but one of the six sentences consecutively. Petitioner argues that it is a violation of Article III, section 5 of the West Virginia Constitution in that it is cruel and unusual punishment to sentence a person with virtually no criminal record to consecutive sentences, when petitioner is fifty years old and the crimes were not reported for at least twenty-three years after they occurred.

It is undisputed that the trial court sentenced petitioner within the statutory limits for the crimes. As this Court has firmly established, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982). Moreover,

---

[3]Rule 35(b) of the West Virginia Rules of Criminal Procedure provides:

> Reduction of Sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

[4]The appendix record does not reflect whether the trial court resentenced petitioner for the purpose of filing a direct appeal timely. Neither party addresses this procedural issue.

2

Syllabus Point 1 of *State v. Lucas,* 201 W.Va. 271, 496 S.E.2d 221 (1997) holds that "[t]he Supreme Court of Appeals reviews sentencing orders, including orders of restitution made in connection with a defendant's sentencing, under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Furthermore, in *State v. Sugg,* 193 W.Va. 388, 406, 456 S.E.2d 469, 487 (1995), we held that "[a]s a general proposition, we will not disturb a sentence following a criminal conviction if it falls within the range of what is permitted under the statute." Therefore, we find that the trial court did not abuse its discretion in sentencing petitioner to serve consecutive sentences.

Petitioner also challenges the jury verdict against him. Petitioner argues that the evidence presented at trial was insufficient to convict him beyond a reasonable doubt. He primarily argues that inconsistencies among the witnesses' testimony do not support his conviction. Under these circumstances, we bear in mind the following: "It is the peculiar and exclusive province of the jury to weigh the evidence and to resolve questions of fact when the testimony is conflicting." Syl. Pt. 3, *Long v. Weirton*, 158 W.Va. 741, 214 S.E.2d 832 (1975). "The weight of evidence, and credibility of witnesses are within the province of the jury, and we cannot substitute our judgment for theirs on matters of fact." *State v. Summerville*, 112 W.Va. 398, 400, 164 S.E. 508, 509 (1932). With regard to our review of evidence, we have held as follows:

> A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

Syl. Pt. 3, in part, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). It is apparent that the jury believed the victims' testimony and concluded that the offenses happened when petitioner babysat the girls. While an actual date was never established, such evidence is not required. *See State v. David D.W.*, 214 W.Va. 167, 588 S.E.2d 156 (2003). Our review of the trial transcript reflects that the evidence was sufficient to support petitioner's conviction.[5]

Petitioner next contests the trial court's rulings during the jury selection process. Petitioner argues that several prospective jurors divulged during voir dire that either they were victims of sexual abuse/molestation, or they had a close family member who was sexually abused.[6] Petitioner argues that these jurors were likely to have some subconscious bias,

---

[5]We therefore find that petitioner's argument that the trial court erred in denying his motion for judgment of acquittal is without merit.

[6]For instance, the juror who ultimately served as the foreperson stated that she was molested as a child. More than twenty years ago, this juror's father was prosecuted for child

regardless of what they said during voir dire. Petitioner argues that the trial court erred in not removing all of these potential jurors, and that decision affected his right to a fair trial.

The test to be applied with regard to the qualifications of a juror is whether a juror can, without bias or prejudice, return a verdict based on the evidence. "That a venire member has experience as a crime victim does not automatically make him partial and, hence, disqualified[]" *Commonwealth v. Jaime J.*, 776 N.E.2d 1023, 1028 (Mass. Appt. Ct., 2002), "even when the crime alleged is similar to that suffered by the potential juror." *Warren v. Commonwealth*, No. 2007-CA-002338-MR, 2009 WL 1562862, at *4 (Ky. Ct. App. June 5, 2009). There is no statutory or common law per se disqualification based on victimhood. Petitioner is required to show bias or prejudice to justify a strike for cause. *State v. Parsons*, 214 W.Va. 342, 352, 589 S.E.2d 226, 236 (2003). Based on this standard, we find that the trial court did not abuse its discretion. A review of the transcript reveals that the trial court conducted voir dire in a manner which safeguarded petitioner's right to be tried by a jury free of bias and prejudice.

Finally, petitioner argues that the trial court erred in striking all of his witnesses for violation of the sequestration order. On the second day of trial, after the State had rested, the assistant prosecuting attorney brought to the trial court's attention that an individual was taking notes during the trial and talking to petitioner's brother and sister, Allard Smith and Delores Kuhl, who were listed as defense witnesses. Defense counsel explained that the individual was petitioner's brother-in-law, Robert Kuhl, and he was not going to be a witness. The trial court conducted an in-camera hearing, and Mr. Kuhl admitted he was taking notes and talking about the case with defense witnesses even though he was present in the courtroom when the trial court gave the sequestration order. The trial court described Mr. Kuhl's conduct as "outrageous," and stated that it did not need to speak with Ms. Kuhl or Mr. Smith because Mr. Kuhl had admitted that he discussed the trial with them. The trial court stated that he was not going to examine the potential witnesses because "their credibility is, for my purposes, zero, because they have already done what they have been told not to do." Thereafter, the trial court denied petitioner's motion for a mistrial, and granted the State's motion to strike the witnesses.

West Virginia "cases commit to the discretion of a trial court the appropriate sanction for a witness's violation of an exclusionary order." *State v. Omechinski*, 196 W.Va. 41, 48 n.12, 468 S.E.2d 173, 180 n.12 (1996). While "the weight of authority is that [t]he [witness] cannot be excluded on that ground merely," this Court has observed that "the right to exclude under particular circumstances may be supported as within the sound discretion of the trial court." *Id.* (quoting *Holder v. U.S.*, 150 U.S. 91, 92 (1893)). The purpose of the sequestration order "is to gain assurance of credibility, and its violation is a legitimate subject of comment in this respect. Thus, it seems proper that unless the violation has so discredited the witness as to render his or

---

molestation against her in North Carolina, and he was sentenced to prison. This juror stated that she did not have a bias for or against either the State or petitioner. She stated that her experience would not make her more sympathetic to the alleged victims in the instant case. The trial court denied petitioner's motion to strike this juror for cause, and found that "based upon the totality of the circumstances and under oath response of this woman and watching her demeanor . . . she is a qualified member of the panel."

her testimony incredible as a matter of law, the witness should not be disqualified from testifying." *Omechinski*, 196 W.Va. at 48 n.12, 468 S.E.2d at 180 n.12. In this case, the trial court found that the violation was "very deliberate and planned." We do not find that the trial court committed reversible error by excluding these witnesses. The record supports the trial court's finding that the violation was so egregious it rendered any potential testimony from these witnesses not credible.[7]

For the foregoing reasons, we affirm the January 16, 2013, order of the Circuit Court of Fayette County.

Affirmed.

**ISSUED:** November 22, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[7]We note that petitioner made no proffer as to what the testimony of the witnesses would have been had they testified.