# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Jonathan Cook,
**Petitioner Below, Petitioner**

**FILED**

November 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 12-1348** (Clay County 10-P-12)

**Marvin Plumley, Warden,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Jonathan Cook, by counsel Timothy Gentilozzi, appeals the Circuit Court of Clay County's orders denying his amended petition for writ of habeas corpus and his motion to reduce his sentence. Respondent Warden Marvin Plumley, by counsel Marland Turner, filed a summary response in support of the circuit court's decision. On appeal, petitioner alleges that the circuit court erred in denying his motion for reduction of sentence and in denying his amended petition for habeas corpus.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2002, petitioner pled guilty to one count of armed robbery in violation of West Virginia Code § 61-2-12. This crime carries a penalty of not less than ten years. *Id*. The record reflects that during petitioner's plea hearing the circuit court informed petitioner that his sentence of twenty-five years was being suspended so that he could attend the Anthony Correctional Center.[1] The circuit court classified petitioner as a youthful offender and placed him at the Anthony Correctional Center for a term of six months to two years. After successfully completing the Anthony Correctional Center program, petitioner was placed on probation for five years. On November 16, 2004, a Clay County Probation Officer filed a petition to revoke petitioner's probation alleging that he violated several of its terms and conditions. In April of 2005, the circuit court conducted an evidentiary hearing and ruled that petitioner violated the terms and conditions of his probation by failing to notify his probation officer within seventy-two hours of being arrested or charged with a new crime. As a result, the circuit court re-imposed petitioner's sentence of a term of incarceration of twenty-five years on his 2002 armed robbery

---

[1]Petitioner's counsel did not file a transcript of the plea hearing or sentencing hearing. The circuit court's "Order Denying Post-Conviction Habeas Corpus Petition" states that the circuit court informed petitioner that his original sentence of twenty-five years was being suspended.

1

conviction, with credit for time served. On June 5, 2005, petitioner filed a motion pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure to reconsider his armed robbery sentence, which was denied following a hearing on July 18, 2005.

On October 25, 2010, petitioner filed an amended petition for writ of habeas corpus regarding his robbery conviction. Petitioner asserted the following grounds for relief: lack of mental competency at the time of the crime; coerced confessions; ineffective assistance of counsel; double jeopardy; question of actual guilt upon an acceptable guilty plea; receiving a more severe sentence than expected; excessive sentence; mistaken advice of counsel as to parole or probation eligibility; and amount of time served. By order entered on May 16, 2011, the circuit court denied petitioner's amended petition for writ of habeas corpus. Petitioner filed another Rule 35(b) motion to reduce his sentence on September 6, 2011. The circuit court denied petitioner's motion on September 17, 2012, holding that petitioner's habeas corpus proceeding was denied and noting that the motion was not appropriate in this case. This appeal followed.

On appeal, petitioner raises two assignments of error. First, petitioner argues that the circuit court erred by denying his motion to reduce his sentence and by sentencing him to a more severe sentence. Petitioner also argues that West Virginia Code § 25-4-6 and *State v. Arbaugh*, 215 W.Va. 132, 595 S.E.2d 289 (2004), do not prevent the circuit court from placing him back on probation after he violated the terms and conditions thereof.

As an initial matter, we observe that petitioner's claims regarding his Rule 35(b) motion are without merit. In Syllabus Point 2 of *Barritt v. Painter*, 215 W.Va. 120, 595 S.E.2d 62 (2004), we stated

> "Effective September 1, 1996, Rule 35(b) of the West Virginia Rules of Criminal Procedure, regarding a motion to reduce a criminal sentence, was modified to read as follows: '(b) *Reduction of Sentence*. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.'" Syllabus, *State v. Thornton,* 197 W.Va. 726, 478 S.E.2d 576 (1996).

In addition, we apply a three-prong standard of review to an appeal of the denial of a Rule 35(b) motion:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the

underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Applying the above law to the facts of this case, petitioner's probation was revoked in April of 2005, but his Rule 35(b) motion to reduce his sentence that is the subject of the present appeal was not filed until September of 2011, well beyond the 120-day limitation required by the statute and our case law. Furthermore, "[a] petitioner is not entitled to application of Rule 35(b) based upon an underlying unsuccessful attempt to obtain habeas corpus relief." *Barritt*, 215 W.Va. at 123, 595 S.E.2d at 65. Accordingly, the circuit court did not abuse its discretion in denying the 2012 motion.

Second, petitioner argues that the circuit court erred in denying his petition for writ of habeas corpus because the sentence was based on impermissible factors and did not promote rehabilitation. Petitioner suggests that when imposing the twenty-five year sentence, the circuit court considered his probation violation that occurred after his initial sentencing hearing. Petitioner also argues that the circuit court never sentenced him to twenty-five years at the 2002 hearing.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

The record on appeal reveals no support for any of petitioner's arguments. During his omnibus evidentiary hearing, petitioner testified that "[he] understood that [he] could face anywhere from ten years to life," which includes a term of incarceration of twenty-five years. Furthermore, the circuit court's habeas order states that during petitioner's plea hearing, the circuit court informed petitioner that his sentence of twenty-five years would be suspended so that he could attend the Anthony Center. Petitioner has failed to provide a transcript to dispute this finding. Petitioner's argument that his sentence was based on an impermissible factor is also without merit because petitioner has failed to set forth any support for his argument that the circuit court considered his probation violation in imposing its original sentence. The original sentence of twenty-five years was determined approximately two years prior to the filing of the motion to revoke his probation. The record also reflects that petitioner was given multiple chances to rehabilitate himself prior to the imposition of his original sentence and that he was warned that if he violated his probation, then the original sentence could be imposed. Based on

our review of the record, we find no error in the circuit court's decision to deny petitioner's amended petition for habeas corpus relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 26, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II