**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)   No. 13-0969** (Marion County 12-F-55)

**James Edward C.,**
**Defendant Below, Petitioner**

**FILED**

May 30, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner James Edward C.[1], by counsel Matthew Delligatti, appeals the order of the Circuit Court of Marion County entered on July 1, 2013, denying his motion for reconsideration of his sentence. Respondent State of West Virginia, by counsel Laura Young, has filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was charged with four counts of sexual assault in the first degree and ten counts of sexual abuse by a parent, guardian, or custodian. The offenses occurred against his daughter, his step-daughter, and his niece.[2] On February 13, 2013, petitioner pled guilty to two counts of sexual assault in the first degree and one count of sexual abuse by a parent, guardian, or custodian. On April 16, 2013, petitioner was sentenced to fifteen to thirty-five years of incarceration on each of the two counts of sexual assault in the first degree, and ten to twenty years of incarceration on the count of sexual abuse by a parent, guardian, or custodian. The sentences were ordered to run consecutively. Petitioner, acting pro se, sent a letter to the circuit court which the court considered as a motion for reconsideration of his sentence. That motion was denied by order dated June 28, 2013. Petitioner appeals from this denial.

---

[1] "We follow our past practice in juvenile and domestic relations cases which involve sensitive facts and do not utilize the last names of the parties." *State ex rel. West Virginia Dep't of Human Servs. v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987) (citations omitted).

[2] The daughter was three years old at the time of her abuse, and the niece was two years old. The age of the step-daughter did not appear in the record.

1

Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion. While the West Virginia Rules of Criminal Procedure do not provide for a motion for reconsideration of sentence, criminal defendants are entitled to seek a reduction of sentence pursuant to Rule 35(b). We have previously held that

> "[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *Barritt v. Painter*, 215 W.Va. 120, 595 S.E.2d 62 (2004).

On appeal, petitioner argues only that the circuit court erred in ordering that his sentences be served consecutively. Petitioner recognizes that the sentences were within statutory limits and not unconstitutionally disproportionate. However, petitioner argues that the circuit court did not give adequate consideration to his deep remorse for his actions as well as the acknowledgement he needs punishment. As petitioner is thirty-six years old, he argues that his sentences will not allow him to become a productive member of society upon his release.

This Court reviews sentencing orders "'under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, in part, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). We have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). However, this Court has also held as follows:

> Punishment may be constitutionally impermissible, although not cruel or unusual in its method, if it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity, thereby violating West Virginia Constitution, Article III, Section 5 that prohibits a penalty that is not proportionate to the character and degree of an offense.

Syl. Pt. 5, *State v. Cooper*, 172 W.Va. 266, 304 S.E.2d 851 (1983). Petitioner herein makes no argument that his sentence is based upon an impermissible factor. Moreover, he specifically notes that his sentence is not unconstitutionally disproportionate and is within statutory limits. Based on the record, we find no error by the circuit court. Petitioner victimized at least three children, all of whom were very young. The crimes occurred over a period of more than a decade. Further, petitioner's plea resulted in a much lesser sentence than the sentences for the crimes for which he was indicted. Therefore, this Court finds no error or abuse of discretion.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 30, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II