**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 20-0615** (Clay County CC-08-2017-F-43)

**Denver Rucker,**
**Defendant Below, Petitioner**

**MEMORANDUM DECISION**

Petitioner Denver Rucker, by counsel Clinton W. Smith, appeals the Circuit Court of Clay County's February 27, 2020, order denying his motion for resentencing for purposes of restarting the period in which he would be able to file a motion for reduction of his sentence under West Virginia Rule of Criminal Procedure 35(b). The State, by counsel Lara K. Bissett, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in concluding that it did not have jurisdiction to resentence him for purposes of filing a motion for reduction of sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 7, 2017, petitioner was indicted by a Clay County Grand Jury on fourteen felony counts: one count of manufacturing a controlled substance; three counts of wanton endangerment with a firearm; one count of use or presentation of a firearm during commission of a felony; one count of illegal possession of destructive devices, explosive materials, or incendiary devices; four counts of causing death or injury; and four counts of wanton endangerment involving destructive devices, explosive materials, or incendiary devices. Pursuant to a plea agreement with the State, petitioner pled guilty on February 8, 2018, to one count each of manufacturing a controlled substance; wanton endangerment with a firearm; and wanton endangerment involving destructive devices, explosive materials, or incendiary devices. The next month, the circuit court proceeded to sentence petitioner to one to five years of incarceration for manufacturing a controlled substance; five years of incarceration for wanton endangerment with a firearm; and two to ten years of incarceration for wanton endangerment involving destructive devices, explosive

1

materials, or incendiary devices. The circuit court ordered that the sentences run consecutively for an effective sentence of eight to twenty years of incarceration.

Over one year later, on April 10, 2019, petitioner filed a motion for reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. Finding that it lacked jurisdiction to consider petitioner's Rule 35(b) motion given its untimely filing, the circuit court denied the motion by order entered on April 11, 2019. Petitioner did not appeal this order.

In October of 2019, petitioner retained new counsel and filed a "Motion to Re-Sentence the Defendant" in which he alleged ineffective assistance of counsel because petitioner allegedly asked his first counsel to file a Rule 35(b) motion within the 120-day prescribed timeframe but his first counsel failed to do so until the circuit court no longer had jurisdiction to consider the motion. In his new motion for resentencing, petitioner asked to be resentenced for the sole purpose of filing a Rule 35(b) motion to reconsider his sentence.[1] The circuit court held a hearing on petitioner's motion to resentence in December of 2019 wherein the court raised concerns as to whether it had jurisdiction to consider petitioner's motion for resentencing. In his brief supporting his motion for resentencing, petitioner acknowledged that the circuit court was correct to deny his earlier untimely Rule 35(b) motion. He continued to argue that he suffered from ineffective assistance of counsel and that he could file a habeas corpus action, which the circuit court could grant. However, petitioner requested that the circuit court resentence him in order to reset the 120-day time limit for him to file a Rule 35(b) motion.

The circuit court issued a "Final Order Denying Motion for Resentencing" on February 27, 2020, wherein the court noted that resentencing was an appropriate remedy only when an *appeal* has not been timely perfected. The circuit court found that Rule 35(b) motions "are neither in substance nor form, an appeal." The circuit court further found that "[a]n appeal is [a] legal mechanism by way a party can seek review from a higher court of an assigned error committed by a lower court." The circuit court found that "a Rule 35(b) motion is not an appeal" and that while such "motions come before the same sentencing court and are designed to seek an alternative form of sentence from the one previously imposed, [they are] not a legal mechanism to challenge error." Finally, the circuit court found that although petitioner cited various authorities in his brief in support of his motion to resentence, they all spoke to appeals and none granted a circuit court the authority to resentence a defendant for the purpose of filing a Rule 35(b) motion. It is from this order that petitioner appeals.

We have previously established the following standard of review:

> "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Com'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

---

[1]Petitioner did not and has not filed a direct appeal of his sentence.

2

Syl. Pt. 1, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016).

Petitioner argues on appeal that the circuit court erred in finding that it did not have jurisdiction to resentence him for the purpose of restarting the period in which he would be able to file a Rule 35(b) motion for reconsideration of sentence. Although petitioner acknowledges that he failed to file a Rule 35(b) motion within the required 120-day timeframe, he argues that he directed his first attorney to file a motion to reconsider, which counsel did not do.[2] As such, petitioner argues that resentencing is the only viable remedy. In support of his argument, petitioner cites to *State ex rel. Bratcher v. Cooke*, 155 W. Va. 850, 188 S.E.2d 769 (1972), among a litany of cases wherein this Court has allowed circuit courts to resentence defendants. In *Bratcher*, we held that,

> [o]ne convicted of a crime is entitled to the right to appeal that conviction and where he is denied his right to appeal such denial constitutes a violation of the due process clauses of the state and federal constitutions and renders any sentence imposed by reason of the conviction void and unenforceable.

155 W. Va. at 850, 188 S.E.2d at 769, Syl. Petitioner acknowledges in his argument on appeal that *Bratcher* concerned resentencing to allow the filing of a timely *appeal*—not a Rule 35(b) motion. Indeed, this point of law speaks not to the circuit court's jurisdiction over a Rule 35(b) motion, but rather that resentencing is the appropriate remedy for a circuit court to reset the time period for filing an appeal of a conviction when an appeal had not previously been timely perfected. As the circuit court noted below, petitioner "has not cited any authority where a trial court has the authority to resentence a defendant for the purpose [of] filing a motion for reduction of sentence under Rule 35 of the West Virginia Rules of Criminal Procedure." As such, petitioner's reliance on *Bratcher* is misplaced.

Contrary to petitioner's argument on appeal, this Court has repeatedly upheld the strict timeframes governing the filing of Rule 35(b) motions. As set forth above, Rule 35(b) motions must be filed within 120 days of the imposition of the sentence. As this Court found, "a circuit court does not have jurisdiction to rule upon the merits of a motion for reduction of sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure when the motion is filed outside the 120-day filing period set out under that rule." *State ex rel. State v. Sims*, 239 W.Va. 764, 773, 806 S.E.2d 420, 429 (2017). While petitioner argues that he is merely seeking to be resentenced in order to reset the 120-day filing period, this conflicts with the purpose of the applicable time

---

[2]Rule 35(b) provides that

> [a] motion to reduce a sentence may be made, or the court may reduce a sentence without motion *within 120 days after the sentence is imposed or probation is revoked*, or within 120 days after the entry of a mandate by the supreme court of appeals . . . dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation.

(Emphasis added).

limitations. Indeed, this Court has found that "[i]t is clear that Rule 35(b) imposes a 120-day limitation on filing a motion under it, and Rule 45(b)(2) [of the West Virginia Rules of Criminal Procedure] prohibits enlargement of that time period. We have previously upheld circuit court rulings denying motions under Rule 35(b) as being untimely filed. *See Barritt v. Painter*, 215 W. Va. 120, 122, 595 S.E.2d 62, 64 (2004) . . . ." *Sims*, 239 W. Va. at 771, 806 S.E.2d at 427. To grant petitioner the relief he seeks on appeal would totally undermine the time limits on the filing of Rule 35(b) motions and this Court's prior holdings strictly enforcing those time limits. As such, he can be entitled to no relief.

Finally, petitioner argues that the circuit court should have resentenced him to determine whether his initial counsel was ineffective for failing to file a timely motion for reduction of sentence under Rule 35(b). This is not, however, the appropriate juncture to develop such evidence. "The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied." Syl. Pt. 9, *in part*, *State v. Woodson*, 222 W. Va. 607, 671 S.E.2d 438 (2008). As noted above, petitioner has failed to call upon this Court on direct appeal or in search of habeas relief, and he admitted in circuit court that he could have raised these grounds in a habeas proceeding but chose not to do so. Accordingly, we decline to address petitioner's argument regarding the alleged ineffective assistance of his counsel.

For the foregoing reasons, the circuit court's February 27, 2020, order denying petitioner's motion for resentencing is hereby affirmed.

Affirmed.

**ISSUED**: August 27, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

4