**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Robert Martin Barritt,**
**Petitioner Below, Petitioner**

**vs.)  No. 21-0045** (Ohio County 20-C-89 MJO)

**State of West Virginia,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Self-represented petitioner Robert Martin Barritt appeals the December 3, 2020, order of the Circuit Court of Ohio County denying his fifth petition for a writ of habeas corpus. Respondent State of West Virginia, by counsel Mary Beth Niday, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was convicted of first-degree murder in the Circuit Court of Ohio County and sentenced to a life term of incarceration without the possibility of parole. *Barritt v. Painter*, 215 W. Va. 120, 121, 595 S.E.2d 62, 63 (2004). On May 13, 1982, petitioner's criminal appeal was refused by this Court. *Id.* Petitioner did not file his first petition for a writ of habeas corpus in the circuit court until 1992. *Id.*[1] The circuit court denied petitioner's first habeas petition, petitioner appealed the circuit court's order, and this Court refused his appeal. *Id.* In 2001, petitioner filed a second petition which the circuit court denied. *Id.* Petitioner appealed the denial of the second

---

[1]According to petitioner, prior to 1992, he attempted to obtain relief from his state court conviction in the federal court system.

petition to this Court which refused his appeal. *Id.* Thereafter, petitioner filed a motion for reduction of sentence. The circuit court denied the motion as untimely, and in *Barritt*, this Court affirmed the circuit court's denial of petitioner's motion. *Id.* at 122-23, 595 S.E.2d at 64-65.

Petitioner continued to file post-conviction pleadings in the circuit court. Petitioner filed his third habeas petition in 2003 and his fourth habeas petition in 2006. The circuit court denied petitioner's third and fourth habeas petitions on the same basis as it denied the first and second petitions, finding that no evidentiary hearing was necessary due to the lack of probable cause for any of petitioner's alleged grounds for relief.

On April 6, 2020, petitioner filed his fifth habeas petition in the circuit court.[2] According to that petition, petitioner was convicted of the murder of a physician who petitioner alleged was associated with criminal activity in Ohio County, West Virginia. Petitioner alleged that medical opinion was improperly introduced at his trial in the form of the deceased physician's notes. Petitioner further alleged that the jury foreman should have been disqualified from serving on the jury due to a conflict of interest. Petitioner admitted that he raised ineffective assistance of trial counsel and ineffective assistance of habeas counsel in "previous habeas filings." Specifically, petitioner alleged that "prior habeas counsel has continually interfered in [p]etitioner's case on that [sic] part of parties [p]ettioner believes to be guilty of various illegal acts" and that prior habeas counsel sought "to prevent [p]etitoner from receiving any post-conviction relief." Next, petitioner alleged that "Witness X," who petitioner failed to identify, would state, if compelled to testify at a habeas corpus hearing, that "[a] third person told him or her in confidence that [p]etitioner is factually and legally innocent." Petitioner further alleged that a "confidential" file belonging to the Federal Bureau of Investigation "would prove, or tend to prove, [p]etitioner's innocence[.]" Finally, petitioner alleged that the special prosecutors appointed in the underlying criminal case failed to take their oaths until "after [petitioner's] trial" and that the transcript showing that the special prosecutors took the oaths prior to trial was "falsified." As relief, petitioner asked for a new trial and to be free of "conspiracy" and "conspiratorial motives."

By order entered on December 3, 2020, the circuit court denied the fifth habeas petition, finding that (1) an evidentiary hearing was unnecessary as "probable cause . . . [did] not exist as to any alleged ground[s] for relief"; and (2) the doctrine of res judicata barred the fifth petition.

Petitioner now appeals the circuit court's December 3, 2020, order denying his fifth habeas petition. This Court reviews a circuit court's order denying a habeas petition under the following standards:

---

[2]Petitioner's instant habeas petition was filed by counsel who petitioner indicates was retained by him. On appeal, petitioner, now self-represented, alleges that habeas counsel provided ineffective assistance in the instant proceeding. We decline to consider those allegations in this appeal. As we stated in *Watts v. Ballard*, 238 W. Va. 730, 798 S.E.2d 856 (2017) "the preferred way of raising ineffective assistance of habeas counsel is to file a subsequent petition for a writ of habeas corpus raising the issue in the court below." *Id.* at 735 n.7, 798 S.E.2d at 861 n.7 (internal quotations and citations omitted).

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

. . . .

"'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing . . . if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

Syl. Pts. 1 & 3, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). "This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." *White*, 215 W. Va. at 699, 601 S.E.2d at 19, syl. pt. 4 (quoting Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965)).

On appeal, the parties dispute whether the doctrine of res judicata barred the fifth habeas petition given the lack of an omnibus hearing in petitioner's prior habeas proceedings.[3] We find that we need not address that issue as we may affirm the denial of the fifth habeas petition on the alternative ground set forth in the circuit court's order: that a hearing was unnecessary as "probable cause . . . [did] not exist as to any alleged ground[s] for relief." Based upon our review of the record, including the fifth habeas petition, we concur with the circuit court's finding that it could summarily deny the petition pursuant to Syllabus Point 3 of *Anstey*. *See Losh v. McKenzie*, 166 W. Va. 762, 771, 277 S.E.2d 606, 612 (1981) (finding that allegations made without adequate factual support "do[ ] not justify the issuance of a writ . . . and the holding of a hearing"). Therefore, we conclude that the circuit court did not abuse its discretion in denying the fifth habeas petition.

For the foregoing reasons, we affirm the circuit court's December 3, 2020, order denying petitioner's fifth petition for a writ of habeas corpus.

Affirmed.

---

[3]In Syllabus Point 2 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), we held that an order denying a habeas petition generally precludes subsequent petitions, pursuant to the doctrine of res judicata, "where there has been an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel or appeared pro se having knowingly and intelligently waived his right to counsel."

**ISSUED**: August 27, 2021


**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton